THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KURTIS LEE THOMAS; and BREATHWORK DETOX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CANDICE MARIE REBOLLO,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR FINAL JUDGMENT**<br><br>Case No. 4:25-cv-00045-DN-PK<br><br>District Judge David Nuffer |

Plaintiffs initiated this case seeking damages and a permanent injunction against Defendant on claims for defamation; defamation *per se*; false light; tortious interference with business relations; intentional infliction of emotional distress; and breach of contract.[1] Defendant failed to timely answer or otherwise respond to Plaintiffs' Complaint, which resulted in the entry of her default on September 17, 2025.[2] Plaintiffs sought default judgment on the issue of Defendant's liability, which was granted on November 3, 2025.[3] The order granting default judgment determined that Plaintiffs are entitled to compensatory damages and a permanent injunction against Defendant, and that Plaintiff Kurtis Lee Thomas is entitled to punitive damages against Defendant.[4]

---

[1] Verified Complaint ("Complaint"), docket no. 1, filed Apr. 15, 2025.

[2] Default Certificate, docket no. 25, filed Sept. 17, 2025.

[3] Findings of Fact, Conclusions of Law, and Order Granting Partial Default Judgment, docket no. 28, filed Nov. 3, 2025.

[4] *Id*. at 10-12.

Plaintiffs now seek entry of final judgment against Defendant comprised of $6,298,775.02 in compensatory damages, punitive damages in an amount determined by the court, and a permanent injunction ("Motion for Final Judgment").[5] As evidentiary support for their Motion for Final Judgment, Plaintiffs filed the affidavits of Kurtis Lee Thomas and Robert Coleman.[6]

Because Plaintiffs' Motion for Final Judgment and supporting affidavits are sufficient to establish the amount of damages for entry in a final judgment against Defendant, an evidentiary hearing under FED. R. CIV. P. 55(b)(2) is unnecessary. Therefore, Plaintiffs' Motion for Final Judgment is GRANTED.

# 1   DISCUSSION

Trial courts have broad discretion when determining entry of a default judgment.[7] A plaintiff must establish that the amount of requested damages for a default judgment is reasonable under the circumstances.[8] "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"[9] "Rule 55 of the Federal Rules of Civil Procedure, which governs default judgments, does not require that the district court receive evidence on the claimed damages amount before entering a default judgment; rather, the Rule simply allows the district court to conduct a hearing if it believes that additional investigation or evidence is

---

[5] Motion for Final Judgment, Award of Damages, and Issuance of Permanent Injunction ("Motion for Final Judgment"), docket no. 29, filed Nov. 28, 2025.

[6] Affidavit of Kurtis Lee Thomas ("Thomas Affidavit"), docket no. 29-1, filed Nov. 28, 2025; Affidavit of Robert Coleman ("Coleman Affidavit"), docket no. 29-2, filed Nov. 28, 2025.

[7] *Galloway v. Hadl*, No. 07-3016-KHV, 2008 WL 5109758, *1 (D. Kan. Dec. 2, 2008) (citing *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987)).

[8] *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, *2 (D. Kan. Nov. 4, 2009).

[9] *Id*. (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

necessary."[10] Thus, a hearing is unnecessary where "the amount claimed is a liquidated sum or one capable of mathematical calculation."[11]

### 1.1   Plaintiffs are awarded $6,298,775.02 in compensatory damages

Plaintiffs have already established that they are entitled to compensatory damages against Defendant.[12] Plaintiffs seek $6,298,775.02 in compensatory damages.[13] Plaintiffs break down their requested compensatory damages as follows:

- $187,092.00 in lost revenue from a corporate partnership with Project Wellbeing in Las Vegas, Nevada;

- $10,000.00 in lost revenue from a corporate partnership with Ritz Carlton in Boston, Massachusetts;

- $3,500,000.00 in lost opportunity revenue from a corporate partnership with Nike;

- $2,200,000.00 in lost investment capital for Series A funding;

- $356,683.02 in lost business revenue for 2025 and additional marketing and crisis management costs; and

- $45,000.00 in unpaid revenue share from breach of contract.[14]

The supporting affidavits attached to Plaintiffs' Motion for Final Judgment detail the facts and calculations to sufficiently establish the amount for each of these areas of compensatory damages against Defendant.[15] Therefore, Plaintiffs are entitled an award of $6,298,775.02 in compensatory damages against Defendant.

---

[10] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (citing FED. R. CIV. P. 55(b)(2)).

[11] *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

[12] Findings of Fact, Conclusions of Law, and Order Granting Partial Default Judgment ¶¶ 4-5 at 8-9, ¶ 3 at 10.

[13] Motion for Final Judgment at 9.

[14] Thomas Affidavit ¶ 46 at 11

[15] *Id*. ¶¶ 11-43 at 4-10; Coleman Affidavit ¶¶ 5-12 at 2-3.

**1.2   Plaintiff Kurtis Lee Thomas is awarded $1,200,000.00 in punitive damages**

Plaintiffs have also already established that Plaintiff Kurtis Lee Thomas is entitled to punitive damages against Defendant for her defamatory statements made with actual malice.[16] "Regarding punitive damages, '[a] plaintiff cannot satisfy the certainty requirement [for default judgment] simply be requesting a specific amount."[17] "A damages hearing may not be required before entering a punitive damages award, however, when the court is familiar with the defendant's conduct and otherwise has sufficient information with which to make a reasonable determination."[18]

> Under Utah law, courts consider several factors in assessing punitive damages, including:
>
> (i) the relative wealth of the defendant; (ii) the nature of the alleged misconduct; (iii) the facts and circumstances surrounding such conduct; (iv) the effect thereof on the lives of the plaintiff and others; (v) the probability of future recurrence of the misconduct; (vi) the relationship of the parties; and (vii) the amount of actual damages awarded.[19]

When considering these factors, "the court has discretion to determine the appropriate ratio of punitive to actual damages."[20] However, "the Utah Supreme Court, consistent with United States Supreme Court jurisprudence, set guideposts for punitive damages."[21] "If the amount of punitive damages is less than $100,000, the award is considered excessive if it exceeds actual damages by

---

[16] Findings of Fact, Conclusions of Law, and Order Granting Partial Default Judgment ¶ 4.b. at 8, ¶ 5 at 9, ¶ 4 at 10.

[17] *Martinez v. Dart Trans, Inc.*, 547 F. Supp. 3d 1153, 1181 (D.N.M. 2021) (quoting *Beck v. Atlantic Contracting Co., Inc.*, 157 F.R.D. 61, 65 (D. Kan. 1994), *superseded by statute on other grounds as recognized by Cessna Fin. Corp. v. VYWB, LLC*, 982 F. Supp. 2d 1226, 1233 (D. Kan. 2013)).

[18] *Id*. (citing *James v. Frame*, 6 F.3d 307, 310-311 (5th Cir. 1993)); *see also Wyssling v. Swensen*, No. 2:23-cv-00344-TC-DBP, 2025 WL 1078893, *9-10 (D. Utah Apr. 10, 2025).

[19] *Westgate Resorts, Ltd. v. Consumer Protection Grp., LLC*, 285 P.3d 1219, 1223 (Utah 2012) (quoting *Crookston v. Fire Ins. Exchange*, 817 P.2d 789, 808 (Utah 1991)).

[20] *Wyssling*, 2025 WL 1078893, *10 (citing *Christensen v. Johnson Smith & Assocs.*, No. 2:19-cv-00676-BSJ, 2021 WL 66550, *6 (D. Utah Jan. 7, 2021)).

[21] *Id*. (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)).

4

a ratio of greater than 3:1."[22] "And if the amount of punitive damages is greater than $100,000, 'the acceptable ratio appears lower.'"[23]

In this case, there is no evidence about the relative wealth of Defendant. Nor is there sufficient evidence from which the probability of future recurrence of misconduct may be determined. Defendant did continue her misconduct after receiving multiple cease-and-desist letters and having a stalking injunction entered against her.[24] But there is no evidence that her misconduct has continued since Plaintiffs initiated this case. Nevertheless, the remaining relevant factors demonstrate the appropriateness and need for a substantial punitive damages award. Based on the factual allegations in the Complaint and factual assertions within the affidavits supporting the Motion for Final Judgment, Defendant knowingly and intentionally published numerous false statements about Mr. Thomas with actual malice and a stated purpose of harming his reputation and business.[25] She also made direct contact with Plaintiffs' clients and associates and law enforcement to spread the false information,[26] which included false statements regarding Mr. Thomas engaging in indecent acts, criminal conduct, and fraud.[27] These false statements damaged Mr. Thomas's reputation and caused substantial harm and financial losses to his business.[28] Defendant's misconduct was wanton, outrageous and intolerable, and offends generally accepted standards of decency and morality.[29] The misconduct also followed the

---

[22] *Id.* (citing *Crookston*, 817 P.2d at 810).

[23] *Id.* (quoting *Crookston*, 817 P.2d at 810).

[24] Findings of Fact, Conclusions of Law, and Order Granting Partial Default Judgment ¶¶ 17-19 at 3; ¶ 49 at 6; ¶ 51 at 6.

[25] *Id.* ¶ 20 at 3; ¶¶ 39-40 at 4-5; ¶ 43 at 5; ¶ 4.b. at 8.

[26] *Id.* ¶ 23 at 3; ¶ 45 at 5.

[27] *Id.* ¶¶ 24-31 at 4.

[28] *Id.* ¶¶ 44-46 at 5; ¶¶ 52-55 at 6-7; *supra* Discussion at 3.

[29] Findings of Fact, Conclusions of Law, and Order Granting Partial Default Judgment ¶ 49 at 6.

breakdown of the parties' contractual and business relationship caused by Defendant's breach of contract.[30] And it appears Defendant's misconduct was, at least in part, done in an attempt to profit through a competing business.[31]

In view of the circumstances surrounding Defendant's misconduct and the size of the award of compensatory damages ($6,298,775.02), it is appropriate to award Plaintiff Kurtis Lee Thomas punitive damages in the amount of $1,200,000.00 (a ratio of approximately 0.2:1). This punitive damages award is sufficient to serve the purpose of punishing Defendant's egregious misconduct and deterring future misconduct.

### 1.3   Plaintiffs are entitled to a permanent injunction

Plaintiffs have also already established that they are entitled to a permanent injunction against Defendant.[32] Therefore, a permanent injunction consistent with the terms previously ordered[33] shall enter against Defendant.

---

[30] *Id.* ¶¶ 10-15 at 2-3.

[31] *Id.* ¶ 15 at 3; ¶¶ 20-23 at 3; ¶¶ 39-40 at 4-5; ¶ 45 at 5.

[32] *Id.* ¶ 8 at 10.

[33] *Id.* ¶ 6 at 11.

## 2  ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion for Final Judgment[34] is GRANTED. Final judgment shall be entered in favor of Plaintiffs and against Defendant. Plaintiffs shall be awarded $6,298,775.02 in compensatory damages against Defendant. Plaintiff Kurtis Lee Thomas is awarded $1,200,000.00 in punitive damages against Defendant. And a permanent injunction against Defendant shall issue.

The Clerk is directed to close the case.

Signed August 3, 2026.

BY THE COURT

David Nuffer
United States District Judge

---

[34] Docket no. 29, filed Nov. 28, 2025.